JAP:JRL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

**12 M 645**

UNITED STATES OF AMERICA

    - against -

YVONNE RANKIN,

                  Defendant.

- - - - - - - - - - - - - - - - -X
EASTERN DISTRICT OF NEW YORK, SS:

C O M P L A I N T

(21 U.S.C. §§ 952(a) and 960)

        TIMOTHY FLOOD, being duly sworn, deposes and states that he is a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

        Upon information and belief, on or about July 9, 2012, within the Eastern District of New York and elsewhere, defendant YVONNE RANKIN did knowingly, intentionally and unlawfully import into the United States from a place outside thereof a substance containing heroin, a Schedule I controlled substance, and a substance containing cocaine, a Schedule II controlled substance.

        (Title 21, United States Code, Sections 952(a) and 960).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On or about July 9, 2012, YVONNE RANKIN arrived at John F. Kennedy International Airport ("J.F.K. Airport") in Queens, New York, aboard Jet Blue Flight 826 from Santo Domingo, Dominican Republic.

2. Defendant YVONNE RANKIN was selected for a Customs and Border Protection ("CBP") examination. Defendant YVONNE RANKIN presented two bags for inspection. One of the bags was a "Swissgear" black backpack. After the black backpack was emptied, a CBP officer noticed that the backpack panels were very thick and emitted a strong odor. A probe of the bag revealed a brown powdery substance which field-tested positive for heroin. CBP officers extracted a total of five packages from the backpack's panels. One package contained the substance which field-tested positive for heroin. The other four packages contained substances which field-tested positive for cocaine. Defendant YVONNE RANKIN was placed under arrest.

3. The total approximate gross weight of the four packages containing cocaine, which were concealed in the backpack presented by YVONNE RANKIN, is 2,526.6 grams. The total approximate gross weight for the package containing heroin, which

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause, I have not described all the relevant facts and circumstances of which I am aware.

was concealed in the backpack presented by YVONNE RANKIN is 547.0 grams.

WHEREFORE, your deponent respectfully requests that defendant YVONNE RANKIN be dealt with according to law.

_____
TIMOTHY FLOOD
Special Agent, HSI

Sworn to before me this
9th day of July, 2012

THE HON      S/ Bloom      DGE
UNITED                     K
EASTERN